On Application for Rehearing.

PER CURIAM.
In our original opinion, citing authority, we held that “an inference of faulty workmanship or material arises when construction designed as a permanent installation fails shortly after being put into use. * * * The effect of the inference is to place upon the contractor the burden of establishing that the soon-appearing defect in the work and the resultant damages did not result from his faulty workmanship or materials but instead from other cause”.
This holding was not intended to modify the requirement that before this inference of fault arises, the party claiming injury must establish by a preponderance of the evidence that after the construction left the control of the contractor upon its-delivery to the owner, no fault independent of the contractor’s workmanship or material (such as the injured party’s own fault) caused the failure. The party injured must also, of course, prove by such preponderance that his damages were caused by reason of the failure of construction.
As our original opinion shows, this burden has here been met. The preponderance of the evidence negatives tenant misuse or other non-contractor conduct- as a cause of the failure of the diving board so shortly after its installation. Since the preponderance of the evidence disproves a change in the condition of the construction after it left the contractor’s control, the early failure of the work created an inference of faulty workmanship or material, with the result that the contractor must carry the burden of disproving that such was the cause of the collapse of the work and the ensuing damages.
With this clarification, we deny the application for rehearing.